THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY GARCZYNSKI, Appellant.— Appeal from a judgment of the County Court of Kings county convicting the defendant of robbery in the first degree, grand larceny in the first degree and assault in the second degree. The defendant also appeals from an order of the same court denying his motion for a new trial on the ground of newly-discovered evidence. Judgment of conviction affirmed. The testimony warranted the conviction of the defendant. It shows his guilt beyond a reasonable doubt. On the motion for a new trial on the ground of newly-discovered evidence, defendant submitted affidavits from men who are in Sing Sing Prison and who swore that they and not defendant committed the crime. Details are given which suggest the possibility of the truth of their averments. No affidavits or other proofs were submitted in opposition. The affiants were not produced in court and examined. Under the circumstances the order is reversed on the law and the matter remitted to the County Court for the submission of affidavits and other proof in opposition to the motion; and, if the court deem it proper, for the examination and cross-examination of the affiants, pursuant to the provisions of subdivision 7 of section 465 of the Code of Criminal Procedure. Lazansky, P. J., Young, Carswell and Taylor, JJ., concur. Hagarty, J. I concur in the affirmance of the judgment of conviction but dissent from the reversal of the order denying defendant's motion for a new trial on the ground of newly-discovered evidence and

remitting it to the court for proof.    In my opinion, the affidavits of the two inmates of Sing Sing Prison, each with a record, that they and not the defendant committed the crime for which the defendant was found guilty, are insufficient for the purpose of remitting this application to the County Court for further hearing.    The defendant resided in the immediate neighborhood in which this crime was committed and was not unknown to the People's witnesses.    The complaining witness had known the defendant's family for twenty years, but denied that he had previously known the defendant personally, although he admitted that he might have seen him. While the record discloses that the witness endeavored to evade admitting personal knowledge of the defendant prior to the commission of the crime, his identification was complete.    The son and the daughter of the complaining witness, who were in the store at the time of the hold-up, corroborated their father as to the identity of the defendant.    The daughter admitted that she had seen the defendant in the neighborhood on several occasions and referred to him as " Crosseyed Anthony." The nickname was due to the fact that " He has a little bit of a blink," thus indicating a previous familiarity with the personal characteristics of the defendant. The defendant, who had previously been convicted of robbery, did not take the stand in his own behalf but attempted to establish the defense of an alibi, in which he was not successful.    In my opinion, the identification of the defendant as the one who perpetrated this crime, which occurred in broad daylight, having in mind the opportunities of the People's witnesses to make certain their identification by reason of their previous knowledge of the defendant, makes unnecessary a further inquiry as to the truth of the affidavits made by the two convicts in Sing Sing Prison.    The claim is fantastic in all its aspects.