Wilson M. MOORE, Appellant,

v.

UNITED STATES of America, Appellee.

Joseph HALL, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 12157, 12158.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 23, 1954.

Decided Jan. 27, 1955.

son, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee. Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee in No. 12158.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellants were indicted, tried and convicted of robbery. They moved for a new trial and assign as error on this appeal the denial of that motion. Their principal point here is that they were not represented at the trial by counsel of their choice. They say they employed an attorney but another attorney appeared at and conducted the trial. The latter attorney explained that the former had been detained.

Appellants sat through the trial without protest to the court.[1] The constitutional guarantee upon which they rely [2] is that "the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." These appellants had such assistance.[3] There is no obligation upon a trial court to make certain that the lawyer who enters an appearance and actually appears at an accused's side and defends him is the personal choice of and formally retained by the accused. Remedies for abuses in this area lie in disciplinary steps. Such abuses, if any, do not nullify otherwise valid proceedings.

Appellants also say that detriment to them ensued through conduct of their trial counsel, that he mishandled their case and was inattentive to their interests. Accused persons are not guaranteed counsel who do not make mistakes,[4] and, perhaps more to the point, none of these assertions appears to us

Mr. John J. Dwyer, Washington, D. C., for appellants.

Mr. Harold H. Greene, Asst. U. S. Atty., Silver Spring, Md., with whom Mr. Leo A. Rover, U. S. Atty., and Messrs. Lewis Carroll and Frederick G. Smith-

---

1. See Washington v. United States, D.C. Cir.1954, 94 U.S.App.D.C. —, 214 F. 2d 876.

2. U.S.Const. Amend. VI.

3. See Diggs v. Welch, D.C.Cir.1945, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari

denied, 1945, 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002.

4. Dorsey v. Gill, D.C.Cir.1945, 80 U.S.App. D.C. 9, 28, 148 F.2d 857, 876, certiorari denied, 1945, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.

well founded in fact.[5]  Appellants were positively identified by the man who was robbed, and they were arrested some forty minutes after the robbery a block and a half from where it occurred.  They say they gave counsel the names of three witnesses, but there is nothing in the record to show that these witnesses would have been of assistance.  Two of the three were in jail at the time of the trial.  One of them testified at the hearing on the motion, but whether his testimony supported or contradicted the testimony of appellant Hall at the trial is at least debatable.  Present counsel for appellants was unable to produce the second important witness at the hearing, although three postponements were given to enable him to do so.

Affirmed.

BAZELON, Circuit Judge, concurs in the result.

See also 15 F.R.D. 189.

---

5. See Smith v. United States, D.C.Cir. 1923, 53 App.D.C. 53, 288 F. 259;  Walton v. United States, D.C.Cir.1953, 92 U.S.App.D.C. 26, 202 F.2d 18.