**Herbert D. JACKSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20176.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1966.

Decided Dec. 28, 1966.

Mr. R. Kenneth Mundy, Washington, D. C., for appellant.

Mr. Richard B. Buhrman, Atty., Dept. of Justice, with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY and DANAHER, Circuit Judges, and BASTIAN, Senior Circuit Judge.

BASTIAN, Senior Circuit Judge:

Appellant was charged with assault with a dangerous weapon, a pistol, in violation of D. C. CODE Sec. 22–502. The case came on for trial after appellant's plea of not guilty, appellant being represented by counsel of his own choosing.

At the trial, Minkow, the owner of a night club, testified that under an agreement which he had with a detective agency for services, appellant, an employee of that agency, had been assigned to his club as a special police officer on the evening in question; that during a quarrel with him, appellant became enraged, drew a gun and shot him in the mouth, inflicting serious injury. Minkow also testified that at no time during the quarrel did he have a gun in his possession, but admitted that a gun was kept in a locked drawer behind the bar. He further testified that no one, to his knowledge, had removed the gun from the drawer on the night of the shooting. There was corroborative testimony by a witness to the incident to the effect that he had seen no weapon, other than appellant's gun, during the evening, and that appellant was the aggressor in the argument. No weapon was found on Minkow, although a search was made.

Appellant asserted self defense, claiming that Minkow was the aggressor and that only after Minkow had reached toward his pocket had he [appellant] shot in self defense, at that time thinking that Minkow was reaching for a gun. A defense witness corroborated appellant's testimony. Both this witness and appellant admitted they had seen no weapon in Minkow's possession, although both testified that they knew he had at times carried one on his person.

The jury convicted appellant. Before sentence, appellant's counsel filed, on February 25, 1966, a motion for a new trial on the ground of "newly discovered evidence," claiming that material evidence had been discovered which, with due diligence, could not have been obtained for use at the trial of the case. The so-called newly discovered evidence was stated to be:

"(1) testimony of an eye-witness who at the time of trial was outside the jurisdiction, inaccessible to forthwith subpoena [sic];

"(2) aforesaid eye-witness will testify that complaining witness was armed and that she saw an employee remove a gun from complainant's person;"

The motion was denied on March 3, 1966, the trial judge making the following notation:

"Denied. Name of witness and address not given. No statement witness not known. Would not change result in any event."

On March 22, 1966, and before sentencing, appellant, through new counsel of his own choosing, filed what was denominated a motion for reconsideration of denial of new trial, based on the claim of ineffective assistance of counsel. Attached to this motion were several affidavits, the most important of which was that of a former employee of Minkow who was in his employ on the date of the shooting and who was present during the dispute on that evening. The affidavit stated:

"I was not summoned nor did I appear as a witness in the trial of Mr. Jackson although around January 8, 1966 [over a month before the trial] I had indicated to Mr. Jackson's attorney at the time * * * that I did witness the incident and would be available to testify as a defense witness on Mr. Jackson's behalf. [The attorney] spoke with me on January 8, 1966 concerning my appearing as a witness but I was never informed by him of the date or time I should appear as a witness nor did I receive other notification from either party directly or through counsel, nor a subpoena through the Court for my appearance. I never heard from [the attorney] after early January 1966."

The affidavit also contained the following:

"I first learned from Mr. Jackson after the trial was over that there had ever been a trial. I then explained to Mr. Jackson my absence from the trial resulted from my not being aware or notified. Mr. Jackson then told me that his [then] attorney * * * had repeatedly assured him (Mr. Jackson) that he [the attorney] would make sure I appeared as a witness."

Appellant also filed an affidavit of his own stating that his then counsel had repeatedly assured him before the trial that he [counsel] "would make sure my witness * * * would be aware of the trial and would be present."

The motion for reconsideration came on for hearing on April 1, 1966. The trial judge was advised by an associate of appellant's original counsel that said counsel was absent because of illness. The trial judge announced that he was inclined to go ahead with the hearing on the motion unless appellant demanded that his original counsel be present, to which appellant's new counsel responded that he did not demand the presence of original counsel and was willing to go ahead without such counsel. After argument on the motion, at which appellant produced no witnesses, the motion was denied.

The court then entered judgment that the imposition of sentence be suspended and appellant be placed on probation for a period of two years. From this judgment appellant has appealed.

Appellant here argues that he should be awarded a new trial or, alternatively, that the case should be remanded to the trial court for a hearing inquiring into the factual question of ineffective assistance of counsel.

We shall not reverse and grant a new trial; but, for reasons hereinafter stated, we shall remand for an evidentiary hearing on the question of ineffective assistance of counsel.

The facts sworn to in the Thompson affidavit were sufficient, if found to be true, to warrant a new trial, and, in our opinion, the trial court should have set the case for a hearing at which the witness could be present if available, and subject to cross examination. The testimony of this witness cannot be said to be cumulative as she is the only person who states that a gun was actually seen in Minkow's possession. While it well may be improbable that a man in Minkow's condition—seriously wounded—would have had the presence of mind to pass a gun to an employee for hiding, it is undeniable that such testimony was entirely material and important to appellant's case.

This case is clearly governed by our decision in Campbell v. United States, No. 19,411, decided May 16, 1966. In that case we were asked to review District Court denial of a new trial sought by appellant therein on the ground of newly discovered evidence, and we held that the motion on that ground was properly denied. At oral argument on appeal, however, the court was advised that the original retained counsel was aware of certain material witnesses but had consciously failed to call them. Whether or not appellant's original counsel had good reason for this failure did not appear. We held that we could not make an appraisal of whether it was a factual decision on the part of counsel not to call the alleged witnesses or whether it was failure on his part to explore the matter fully. Accordingly, we remanded the record to the District Court to bring out relevant facts to enable that court to make an informed decision. See also Jones v. Huff, 80 U.S. App.D.C. 254, 152 F.2d 14 (1945); and Mitchell v. United States, 104 U.S.App. D.C. 57, 259 F.2d 787, cert denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958).

We hold that the record in the present case, as in *Campbell*, must be remanded to the District Court so that it may be supplemented by the testimony of witnesses, including original trial counsel, to the end that the District Court may take such action as it deems proper in the light of the testimony.

We retain jurisdiction, subject only to the power of the District Court to grant a new trial if it concludes that to be the proper course.

Remanded for further proceedings consistent with this opinion.

DANAHER, Circuit Judge, (dissenting):

This appellant on July 19, 1965 was serving as a special police officer in a nightclub owned by one Minkow. Jackson drew his revolver during an altercation and from a distance of some five feet, shot Minkow in the mouth. The appellant on February 15, 1966 was convicted of assault with a dangerous weapon. He testified that he fired his revolver when he thought that Minkow was going to draw a weapon.

Jackson on October 1, 1965 had entered a plea of not guilty. He was represented then and throughout the trial by his own retained attorney. The appellant was at liberty on bail at all pertinent times. He was free to have secured the presence of any witnesses he chose to call.

On February 25, 1966, the appellant's trial attorney moved for a new trial on the ground of newly discovered evidence. That motion was denied on March 3, 1966. Clearly he had failed to meet the requirements spelled out in Thompson v. United States, 88 U.S.App.D.C. 235, 236, 188 F.2d 652, 653 (1951).

On March 22, 1966, through his present counsel the appellant filed his "Motion for Reconsideration of Denial of New Trial." He asserted he had been denied the effective assistance of counsel at his trial.

Just prior to sentence on April 1, 1966, it developed that the trial attorney was ill and was not in court. Jackson's present attorney did not demand the presence of trial counsel and stated "We'd be perfectly willing to go with the matter today without [trial counsel]."

The judge pointed out that the earlier motion had been based upon newly discovered evidence which "was in fact not newly discovered at all." Jackson's attorney replied "That's right, Your Honor." He continued that he did not "relish" saying "that another member of the bar has failed to effectively assist and defend the defendant in every way possible."

So, in colloquy with the judge—in the absence of trial counsel—Jackson's attorney argued from the affidavits as to what might have been the testimony of the various affiants had they been called at trial. At the April hearing, no testimony was offered; Jackson was not called to the stand; the trial attorney heard none of the claims as to his alleged dereliction.

The judge pointed out that Jackson, the special officer, was not some "untutored, ignorant dropout." He had made no representations at trial concerning the absence of witnesses he might wish to call or as to what might have been their testimony.

"The Court: We just can't have this business of people employing counsel and putting on half of their case and then if they are convicted, coming in and asking for a new trial on the grounds of ineffective assistance of counsel. They would all get two trials if we adopt that principle."

I think the trial judge was completely correct. Cf. Moore v. United States, 95 U.S.App.D.C. 92, 220 F.2d 198 (1955).

There was no error at the trial. There was no error in the denial of the motion for a new trial on the ground of newly discovered evidence.

I think the judgment of conviction should be affirmed. Thereupon, if appellant can properly state a claim for collateral relief under section 2255, he is free to pursue that course. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958); cf. Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14 (1945). Then, the trial counsel whose conduct has been impugned can become a witness. He can explain why he did not call the witnesses whom Jackson knew and for whose presence he could readily have made arrangements

over the eight months' period before the trial. Counsel may have had very excellent reasons for not calling any of the witnesses whose testimony my colleagues are making the subject of their remand.

I think we should require that cases such as this be dealt with in an orderly way.[1] If a judgment is properly open to collateral attack and an accused can sustain his burden of demonstrating the invalidity of his conviction, so be it. In my view no error has been shown on the present record.

---

1. Compare the dissenting opinion in Holmes v. United States, —— U.S.App. D.C. ——, ——, 370 F.2d 209, 211 (1966).