**Howard CAMPBELL, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Nos. 19411, 20416.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 8, 1965.

Decided May 16, 1966.

Judgment May 11, 1967.

Prettyman, Senior Circuit Judge, dissented.

See also D.C.Cir., 352 F.2d 359.

Mr. Austin P. Frum, Washington, D. C. (appointed by this court), for appellant. Mr. Thomas S. Jackson, Washington, D. C. (appointed by this court), also entered an appearance for appellant.

Mr. Henry J. Monahan, Asst. U. S. Atty., with whom Messrs. John C. Conliff, Jr., U. S. Atty., at the time the brief was filed, Frank Q. Nebeker and William C. Weitzel, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

We are asked to review the District Court's denial of a new trial sought by Appellant on the ground of newly discovered evidence. Because of other factors in the case which first came to our notice during oral argument and were not presented to the District Court, we conclude that we must remand for further hearings.

Appellant's "newly discovered" evidence presented in the hearing on his new trial motion was that certain alibi witnesses, if called, would have placed him far from the scene of the crime at the critical hour. The District Court heard these witnesses and concluded that, although they would indeed so testify, they had been known and available to Appellant at the time of trial and that there had been a lack of diligence on Appellant's part. We see no reason to disturb the District Court's finding on that score.

However, at oral argument in this court Appellant's counsel stated that the failure to call the alibi witnesses at the time of the trial was attributable to Appellant's original trial counsel,[1] who had been aware of these alibi witnesses but had consciously failed to call them. Although he suggested that the original trial counsel might not have had a good reason for this failure, Appellant's counsel in this court explained his own failure to call original counsel as a witness at the hearing on the motion for new trial by saying that he had not wanted to embarrass trial counsel and expose him to a suggestion of ineffective assistance. High standards of professional courtesy

_____
1. Appellant had privately retained counsel at his original trial.

and etiquette between members of the bar are important elements of an efficient system of justice, but if duty to the client and deference to a professional colleague come into conflict, plainly the latter must yield to the former.

On the record before us we cannot make an appraisal of whether trial counsel's action in failing to call the alleged alibi witnesses was a tactical decision based, for example, on a judgment that their credibility might be impeached successfully, or whether there was a failure on the part of trial counsel to explore the matter fully. We make no assumptions on the answer to this question. If the former is the case, we would not disturb the action of the District Court; but if there was in fact a failure to make inquiry as to these witnesses, Appellant's counsel on the motion for a new trial had a clear duty to bring that fact to the attention of the Court. That this would require calling trial counsel as a witness and perhaps open him to the possibility of embarrassment is beside the point. Apart from the impact on Appellant's possible right to a new trial, once the suggestion of ineffectiveness is raised. Appellant's original trial counsel is entitled to an opportunity to meet the implied charge.

■ We recognize that the inquiry on remand may well prove fruitless as far as Appellant is concerned. The purpose of the remand is to bring out relevant facts not previously presented to the District Judge, so that he can make a fully informed decision. Although at the time of the hearing on Appellant's motion for a new trial no one claimed that trial counsel had been ineffective, Appellant's counsel in this Court has now, inadvertently or otherwise, raised questions on this score, which must be answered.

We therefore remand the record to the District Court so that it may be supplemented by the testimony of trial counsel and by the District Court's findings on this aspect of the case to the end that the District Court may take any action it thinks proper in light of this testimony. We retain jurisdiction subject only to the power of the District Court to grant a new trial if it concludes that is the correct course.

Remanded for further proceedings consistent with this opinion.

PRETTYMAN, Senior Circuit Judge (dissenting):

I have a different view of this case. Campbell was indicted for housebreaking, tried, and convicted. He appealed *in forma pauperis,* this court appointed an outstanding member of our bar as his attorney, and the conviction was affirmed. Meantime the new attorney moved for a new trial on account of newly discovered evidence, two alleged alibi witnesses. The trial judge held a hearing on the motion while the appeal was pending here, and the two alleged alibi witnesses were presented and testified. The District Judge denied the motion. I would leave the matter there.

In the first place, the motion was clearly contrary to the rules for the allowance of such a motion.[1] These witnesses were known before the trial. In the second place, the only possible justification for a new trial to receive this testimony would be that the evidence thus proffered might possibly affect the verdict. The trial judge saw and heard these alleged witnesses and must have derived a definite idea as to the possible effect on a verdict. He denied the motion. Absent some affirmative indication that he erred, I would rely upon his judgment. I would not set up an elaborate process of hearing, findings, etc., merely to check out some vague remote possibility.

In the next place, we are now overruling our appointee as defense counsel. He talked to trial counsel but did not call him to the witness stand. No question concerning the competence of trial counsel was raised by anybody in the case. We probed into it during oral argument and entirely off the record. Moreover the inquiry was *not* why retained trial coun-

1. See Thompson v. United States, 88 U.S.App.D.C. 235, 188 F.2d 652 (1951).

sel did not call these witnesses at the trial but was why counsel appointed by us for the appeal did not call to the witness stand at the hearing on the motion his predecessor to explain why these witnesses were not called. I am satisfied to rest on the judgment of our appointee.

Finally, what are we going to do if the trial judge has a hearing and trial counsel, being called as a witness, says he did not call these alleged witnesses for any one of a dozen good reasons? Are we going to say that, although we have not seen these or any of the other witnesses, or the accused himself, we are of opinion that these two witnesses should be presented to a trial jury and therefore we set aside the conviction? If we are not prepared to do that, we ought not instigate so elaborate a proceeding. My brethren are not now dealing with, or purporting to deal with, the judgment of conviction. They say they do not intend to disturb the District Court's denial of a new trial. They are dealing with, or attempting to deal with, the actions of counsel in presenting the motion for a new trial. It seems to me that affair could be handled better by an informal session with the lawyer. I am not able to visualize the future of the course now being inaugurated.

I add that proffers of alibi witnesses picked up in or about a poolroom some months after conviction for a felony offense leave me singularly unimpressed. And, when an experienced trial judge hears them and denies a new trial, my state of mind solidifies. I would affirm.

## JUDGMENT

### PER CURIAM.

On May 16, 1966, this court filed an opinion and judgment remanding the record in the above-entitled case No. 19,411 to the District Court for further proceedings consistent with the opinion of this court and retaining jurisdiction over the appeal pending disposition of the proceedings on remand. Pursuant thereto a supplemental record was filed by the

District Court. Appellant thereafter filed memoranda.

Upon consideration whereof, it is ordered and adjudged by this court that the judgment of the District Court on appeal and the subsequent denial by the District Court of appellant's motion for new trial are hereby affirmed.