■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN PADGETT, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 11, 1967, convicting him after trial by jury, of robbery in the first degree, grand larceny in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The convictions stemmed from an incident involving a nighttime attack by defendant and another, in the course of which the victim was beaten and his wallet was taken. After the jury rendered its verdict, defendant moved, *pro se,* in arrest of judgment, claiming that the incident was nothing more than a common street brawl and his attorney had refused to call a witness who had also been arrested during the incident but had been released after a hearing. The court denied defendant's request that counsel other than his trial counsel be assigned to argue the motion and permitted his trial counsel to present defendant's written claims in support of his motion. In the course of the inquiry by the court and the discussion which ensued, trial counsel for defendant and his codefendant both stated, *inter alia,* that at no time did either defendant manifest any interest in calling the witness and, in any event, in the judgment of defendant's trial counsel, predicated on the lower court record, the witness would have been a hindrance and not a help. On this appeal, defendant argued that he was denied due process because (1) the court did not assign counsel other than his trial counsel (whose interest at that posture conflicted with his) to argue the motion and (2) the court did not conduct a formal hearing on the motion. In our opinion, defendant stated no basis for a hearing or for relief at the postverdict, presentence posture of the motion, whether the motion be considered one in arrest of judgment or for a new trial. No jurisdictional question was raised, nor was any insufficiency in the indictment claimed, so as to bring the motion within the purview of the statute applicable to motions in arrest of judgment (Code Crim. Pro., §§ 331, 467; *People v. Swerdlow,* 11 N Y 2d 140). Nor may the testimony of the witness who, defendant claims, should have been called be deemed newly discovered evidence so as to render the motion entertainable as one for a new trial on this ground (Code Crim. Pro., § 465, subd. 7; *People v. Garczynski,* 248 App. Div. 606). Nor, in view of trial counsel's statement made during the informal inquiry conducted by the court when the motion was argued, in which he indicated that he had made a factual decision not to call the alleged witness, was there any basis for the relief requested by defendant, even if such failure to call a witness were entertainable as a ground for a motion for a new trial (cf. *Jackson v. United States,* 371 F. 2d 960; *Campbell v. United States,* 377 F. 2d 135). Nor, even if defendant's motion be considered as one in *coram nobis* on the grounds of inadequacy of counsel, is such a motion entertainable at this prejudgment posture. *Coram nobis* is essentially from its very nature a postjudgment remedy (*People v. Marino,* 51 Misc 2d 238; cf. *People v. Howard,* 12 N Y 2d 65, 67–68); and defendant is not precluded hereunder from availing himself thereof at that posture if he be so advised, at which time his application could be evaluated in its proper perspective and in keeping with orderly procedure. This is not a mere technicality. Justice must have order and it cannot exist in chaos. The interests of justice can adequately be

served without the courts treating our structure of rules as "an amorphous jelly of judicial pleasure" (*Mitchell* v. *United States,* 259 F. 2d 787, 791). A defendant is entitled to be represented in meaningful proceedings by counsel whose interests with respect to the issues involved are not in conflict with those of his client. However, we are of the opinion that, so long as the court was apprised of defendant's claims, the failure to assign new counsel to argue defendant's futile motion, which, for the reasons above indicated, was destined for denial irrespective of who would have argued it on his behalf, if error at all, was harmless and did not offend due process (*Chapman* v. *California,* 386 U. S. 18, 23; *Fahy* v. *Connecticut,* 375 U. S. 85). In *Chapman* v. *California* (*supra*), the court recognized, *inter alia,* that the denial of counsel *at a trial* may not be disregarded as harmless error. However, the court also subscribed to the reasoning in *Fahy* v. *Connecticut* (*supra*), that not all trial errors which violate the constitution automatically call for reversal and that there are infractions of constitutional rights which may be evaluated as harmless error. This rationale with respect to trial errors is applicable a fortiori to a posttrial error, such as is attributed to the situation at bar, where, for the reasons indicated, at the posture of the proceedings with which we are concerned, no basis for setting aside the conviction or for a hearing which would have affected the conviction is set forth and a contrary result was not achievable even if the alleged error had not been committed. Nor is the situation at bar analogous to those relied on in the dissenting memorandum, where the defendants had no counsel at all and where, because they involved areas where counsel could have functioned constructively, such as in the acceptance of guilty pleas or in sentences, the courts held that the potential prejudice engendered by the denial of counsel could not be disregarded. Nor is there any claim of a denial of proper representation with respect to the sentence itself involved here. *Glasser* v. *United States* (315 U. S. 60, 76), relied on in the dissenting memorandum as authority for the general principle therein stated that the courts should not indulge in nice calculations as to the prejudice engendered by the denial of the assistance of counsel, involved a situation where counsel represented both defendants at a trial. It is also noted that, in stating this general principle, the court referred to *Snyder* v. *Massachusetts* (291 U. S. 97, 116), which, while recognizing that there are situations involving constitutional privileges or immunities which do not leave room for inquiry whether prejudice has been wrought through their denial, nevertheless recognized the rule of *de minimis.* In rejecting a claim that the defendant was prejudiced when he was not permitted to attend the viewing of a scene by the jury and in pointing out that, since the defendant could not comment thereon during the viewing, no significant prejudice was engendered by his absence, Mr. Justice CARDOZO, writing for the majority, stated: "But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true" (p. 122). He further added: "There is danger that the criminal law will be brought into contempt — that discredit will even touch the great immunities assured by the Fourteenth Amendment — if *gossamer possibilities of prejudice* to a defendant are to nullify a sentence pronounced by a court of competent jurisdiction in obedience to local law, and set the guilty free" (p. 122 [emphasis supplied]). While the situation in that case did not involve a denial of counsel, the rationale of the *de minimis* rule expressed by Mr. Justice CARDOZO and of the cases heretofore cited, in our opinion, is adequately persuasive that the harmless error doctrine has a significant role in the due process concept and may not be automatically ruled out in cases where a defendant was not represented by counsel, or, simply because in some manner, such as at bar, a defendant is considered to have been denied the effective assist-

ance of impartial counsel (see *Bute* v. *Illinois,* 333 U. S. 640, referred to in *Townsend* v. *Burke,* 334 U. S. 736, 739). Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to remand the case for the renewal of defendant's postverdict motion and such other proceedings as may be necessary thereafter, with the following memorandum: Defendant's postverdict motion was styled "in arrest of judgment", a misnomer which should be disregarded if his allegations gave rise to a viable claim. His application was based on the allegation that his assigned counsel at the trial had refused to call a material witness; hence, his claim put in issue the effectiveness of his counsel in representing him. This claim might have been couched in the form of a motion for a new trial (cf. *People* v. *Spector,* 254 App. Div. 914; *Campbell* v. *United States,* 377 F. 2d 135; *Jackson* v. *United States,* 371 F. 2d 960). Or it might have been urged as a ground for *coram nobis* (cf. *People* v. *Rossi,* 28 A D 2d 619, affd. 21 N Y 2d 777; *People* v. *McGuire,* 22 A D 2d 796; *People* v. *Morris,* 3 Ill. 2d 437), even though judgment had not yet been pronounced, for I see no virtue in denying defendant relief (if, indeed, he is entitled to it) simply because he has not been sentenced (cf. *Adler* v. *State,* 35 Ark. 517). In fact, there is virtue in entertaining an application on this ground immediately after trial, when the circumstances of the case are fresh in the minds of all concerned, rather than relegating the defendant to making the same application after sentence. Hence, the trial court was undoubtedly in a favorable position to determine the validity of the claim, made so soon after the verdict, but defendant was entitled to representation by counsel in order to present it. Defendant in point of fact asked the court to assign new counsel, and the court refused. Thereafter in a colloquy between the court and defendant and his counsel, the latter said defendant had lied to the court. At the time of sentence (some time after the event) defendant was represented by the same counsel and his motion for relief was denied. Under the circumstances, defendant was not represented by counsel. However meritless his claim may be, and however justified his counsel's indignation may have been, he was left without the aid and advice of counsel from the time of the hearing of his motion through his sentencing. The constitutional principle is, however, that an indigent's right to counsel is absolute and independent of the considerations of the merits of a defense (*Gideon* v. *Wainwright,* 372 U. S. 335; *Douglas* v. *California,* 372 U. S. 353; cf. *People* v. *Kennedy,* 22 N Y 2d 280; *People* v. *Rozzell,* 20 N Y 2d 712; *People* v. *Driscoll,* 30 A D 2d 793). Defendant was thus entitled to counsel solely interested in his cause at the time of the hearing of the motion and at the time of sentencing. "The right to counsel is not a right confined to representation during the trial on the merits" (*Moore* v. *Michigan,* 355 U. S. 155, 160; see, also, *Townsend* v. *Burke,* 334 U. S. 736; *McConnell* v. *Rhay,* 393 U. S. 2). As I read *Chapman* v. *California* (386 U. S. 18, 23), the absence of effective counsel cannot be termed harmless error, permitting us to overlook it. This is because the infringement of this constitutional right strikes at the basic concept of a fair trial. "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial" (*Glasser* v. *United States,* 315 U. S. 60, 76).