## THOMPSON v. UNITED STATES.
### No. 10626.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 15, 1950.

Decided March 1, 1951.

Robert H. Reiter, Washington, D. C., with whom Hector G. Spaulding, Washington, D. C. (appointed by the District Court) was on the brief, for appellant.

Jerome Powell, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., and Joseph M. Howard and Richard M. Roberts, Assts. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before CLARK, PRETTYMAN and FAHY, Circuit Judges.

CLARK, Circuit Judge.

This appeal is taken from an order of the United States District Court for the District of Columbia which denied appellant's motion for acquittal or a new trial. This order was entered after verdict and before judgment on a conviction of robbery pursuant to § 22–2901, D.C.Code 1940.

The complaining witness was the only witness for the Government who could testify to the facts incident to the crime. The arresting officer was the only other witness for the Government. This com-

plainant testified the appellant snatched an envelope containing $38.00 from his pocket in the men's room of a restaurant, and escaped his pursuit. Some four weeks later the complaining witness saw the appellant and had him arrested as the thief.

The appellant contends that he cannot be convicted on the uncorroborated testimony of the complainant. It is well settled that questions of credibility of witnesses and the comparative weight to be given their testimony are properly within the province of the jury. In the instant case the jury chose to believe the complaining witness as was its right, and there is evidence to support its conclusion. Certainly no ground exists on which to overturn the jury's verdict.

The appellant likewise contends he was not properly identified as the person who committed the crime. The issue of the identity of the appellant was one of fact which the court properly submitted to the jury. It is the function of the jury to pass on the powers of observation of a witness and his credibility. United States v. Fox, 2 Cir., 1938, 97 F.2d 913; Ippolito v. United States, 6 Cir., 1940, 108 F.2d 668.

The appellant contends that a new trial should have been granted pursuant to Rule 33, Federal Rules of Criminal Procedure, 18 U.S.C.A., on the basis of newly discovered evidence discrediting the only prosecuting witness. This court in McDonnel v. United States, 1946, 81 U.S. App.D.C. 123, 155 F.2d 297, has held that "The trial court has a broad discretion as to whether a new trial should be granted because of newly discovered evidence, and its action will not be disturbed on appeal unless an abuse of that discretion appears." To obtain a new trial because of newly discovered evidence (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal. Johnson v. United States, 8 Cir., 1929, 32 F.2d 127; Evans v. United States, 10 Cir., 1941, 122 F.2d 461. Not only could the appellant have procured the police record of the complaining witness before the trial, but its only use would be to impeach the testimony of the complainant. This police record allegedly discloses that the complainant was convicted once of petit larceny and was charged with drunkenness several times but forfeited his bail. We do not believe that this evidence is of such a nature that a new trial would probably produce an acquittal.

Affirmed.