### UNITED STATES v. MALFETTI.
### Crim. A. No. 177–52.

United States District Court
D. New Jersey.
Jan. 7, 1954.

William F. Tompkins, U. S. Atty., by I. Edward Amada, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Leon S. Epstein, Atlanta, Ga., for defendant.

SMITH, District Judge.

The defendant was tried and convicted on an indictment which charged him and another with a violation of Section 659 of Title 18 U.S.C.A., to wit, the theft of merchandise from an interstate shipment of freight. The matter is again before the Court on a motion for a new trial based solely on the ground of newly discovered evidence, filed under Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.; this motion was filed on July 27, 1953, more than nine months after the entry of judgment. The motion is supported by the affidavits of the defendant and twelve prospective witnesses who testified at the hearing on the motion.

The present motion, and particularly the question of diligence, must be considered in the light of the history of the case. The indictment was filed on May 23, 1952, and the defendant was arraigned on June 6, 1952. The verdict of the jury was returned on September 17, 1952, after two and a half days of trial, and the judgment thereon was entered on October 7, 1952, after an earlier motion for a new trial was denied. An examination of the record discloses that the defendant did not make a motion for a bill of particulars, a remedy available to him under Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

The case against the defendant rested primarily on the uncorroborated testimony of one Lawrence Ruggiero, an employee of the carrier, who testified that the offense occurred on the evening of November 21, 1951, between the hours of seven and eight o'clock. This witness identified the defendant as a participant in the offense, and his testimony, which the jurors apparently believed, was sufficient to support the verdict. A summary of his testimony seems unnecessary.

· The defendant testified at the trial and denied his participation in the offense; he further testified that at the time of its commission he was in a neighborhood tavern, approximately six blocks from the scene of the offense, where he was engaged in a card game with several other patrons. The newly discovered evidence upon which the defendant now relies is the testimony of the affiants, the owner and patrons of the tavern; their testimony, if credible, would support the defense of "alibi" interposed at the trial. The testimony of several of the affiants, however, must be rejected because at the hearing on the motion they expressed some doubt as to when they saw the defendant in the tavern.

■ We are of the opinion that the testimony here presented by the defendant as "newly discovered evidence" fails to meet the basic requirements recognized in a long line of decisions. Johnson v. United States, 10 Cir., 32 F.2d 127, 130; Wagner v. United States, 9 Cir., 118 F.2d 801, 802; Evans v. United States, 10 Cir., 122 F.2d 461, 469; Thompson v. United States, 88 U.S.App. D.C. 235, 188 F.2d 652, 653; Brandon v. United States, 9 Cir., 190 F.2d 175, 178; and Rutkin v. United States, 3 Cir., 1953, 208 F.2d 647. These requirements are succinctly stated in the case of Thompson v. United States, supra [88 U. S.App.D.C. 235, 188 F.2d 653]: "(1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal."

■ "The rule has long been established that evidence obtained after trial, in order to be newly discovered in a legal sense, must have been unknown and unavailable to the defendant himself at the time of his trial." Fogel v. United States, 5 Cir., 167 F.2d 763, 765, and the cases therein cited. The testimony of the affiants, which the defendant alleges was "unknown and unavailable to him" at the time of trial, does not meet this requirement. All of the affiants, except one, were residents of Hoboken, N. J.,

and it appears from their testimony that they were acquainted with the defendant. It seems reasonable to assume that the defendant was likewise acquainted with them. There is no evidence before the Court, except the conclusion in the verified petition of the defendant, that these witnesses were not available at the time of the trial.

We direct our particular attention to the affidavit of one Dominick Dalle Tave, the owner of the tavern. He stated in his affidavit that he was present in the tavern "between the hours of 6 P. M., and 2 A. M.," and that the defendant was there "from about 6 P. M., until about 10 P. M., playing cards." The defendant surely knew this witness because at the trial he admitted that prior to November 21, 1951, the date of the offense, he frequented the tavern. (See transcript, pp. 176 and 177). There is no evidence before the Court that this witness was not available at the time of the defendant's trial; he resided in Hoboken, N. J., where he maintained his place of business, and could have been available on short notice.

The defendant states in his verified petition (paragraph 6) that "the names and locations of the people present in Lisa's Tavern on the night of November 21, 1951, were unknown and unavailable to him." The names and addresses of several of the affiants may have been unknown to the defendant, but the evidence before the Court clearly indicates that he knew the tavern owner and the location of his place of business. The names and addresses of others, if not all of the affiants, could have been ascertained by the exercise of diligence before trial. This is particularly true of one John Tegano, who testified that he was a friend of the defendant and in his company on the night of the offense. The testimony of these witnesses, if credible, would have supported the defense of alibi, but the defendant apparently made no effort to produce them.

The defendant alleges (paragraph 6) that he "did not bring these witnesses into court at the time of the trial because it was during the trial itself that (he) first learned that it was the United States' contention that he was seen with the (stolen merchandise) between the hours of 7 and 8 p.m." The record discloses that he was informed of the approximate time of the offense on the morning of September 15, 1952, when the trial opened. (Transcript, page 6.) If the defendant was then surprised, as his present contention seems to suggest, a continuance of the trial for a day or two would have afforded him ample opportunity within which to produce the witnesses to support his alibi. An application for such a continuance was not made. We are of the opinion that even a continuance was not necessary to enable the defendant to produce the witnesses Tave and Tegano; these witnesses lived in Hoboken, N. J., a short distance from the place of trial.

However, if the defendant was ignorant of the approximate hour of the offense, a motion for a bill of particulars, under Rule 7(f) of the Rules of Civil Procedure, 18 U.S.C.A., would have enabled him to obtain the necessary information within days after his arraignment and months before his trial. The failure of the defendant to pursue this remedy must be ascribed to a lack of diligence.

A motion for a new trial, filed by the defendant within two days after his conviction, was heard on September 24, 1952. There were several grounds urged in support of the motion, but there was no reference therein to newly discovered evidence. The present motion was not filed until more than nine months had elapsed. This long delay bespeaks an obvious lack of reasonable diligence even after the entry of judgment.

The motion for a new trial will be denied for the reasons herein stated.