**Malcolm E. WILLIAMS, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**
**No. 14460.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 20, 1958.

Decided Nov. 12, 1958.

Mr. Harry J. Ahern, Washington, D. C., for appellant.

Mr. John W. Warner, Jr., Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion for a new trial based on newly discovered evidence. Briefly, these are the pertinent facts:

*February 8, 1957*—Appellant assaulted his wife with a deadly weapon.

*July 20, 1957*—Appellant inflicted stab wounds on his daughter resulting in her death.

*November 7, 1957*—Appellant was tried and convicted for assault of his wife (Criminal No. 272–57). Two Government psychiatrists, Drs. Cody and Cushard, testified that appellant was not suffering from a mental disease when he assaulted his wife.

*April 28, 1958*—Appellant was tried for the murder of his daughter (Criminal No. 816–57). The same Government psychiatrists testified that in reviewing their records in preparation for this trial —without additional examination of appellant—they had changed their minds. They stated that they were now of the opinion that appellant was suffering from mental disease on July 20, 1957, the date of the fatal stabbing for which he was on trial. They also stated that they "would guess [the mental disease] goes back several years." They were not asked specifically about appellant's condition on February 8, 1957, the date of the assault. The jury found appellant guilty of first-degree murder but, upon motion non obstante veredicto, the court set the verdict aside and entered judgment of acquittal by reason of insanity.

Thereupon, counsel for appellant filed the present motion for a new trial in the assault case (Criminal No. 272–57), alleging substantially the foregoing facts. No testimony or affidavits were offered in support of or in opposition to the motion. Counsel relied on the record in the murder case. He stated to the court that Dr. Cushard was away on vacation but that Dr. Cody authorized him to say "That, if a new trial is granted in this particular case, he will testify before this court that in his opinion, this man was of unsound mind at the time he stabbed his wife * * *." The trial judge denied the motion for a new trial without stating his reasons.

The allegations of the motion, if properly established, would satisfy the conditions set forth in Thompson v. United States, 1951, 88 U.S.App.D.C. 235, 236, 188 F.2d 652, 653. Although we cannot approve of the manner in which defense counsel sought to support his motion, we think that sufficient circumstances did appear to require the court to order the presentation of evidence in a full hearing on the issues. The order denying the motion for a new trial is therefore vacated and the case is remanded to the District Court for the purpose of such a hearing.

So ordered.