**UNITED STATES of America,**
**Appellee,**

v.

**Joseph Ellis FAUSTIN, Appellant.**

**No. 221, Docket 29861.**

United States Court of Appeals
Second Circuit.

Argued Jan. 3, 1967.

Decided Jan. 12, 1967.

John S. Allee, Asst. U. S. Atty., S. D. of New York (Robert M. Morgenthau, U. S. Atty., and Michael W. Mitchell, Asst. U. S. Atty., on the brief), for appellee.

James R. Campbell, New York City (Anthony F. Marra and Louis J. Gus-

mano, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

Appellant was convicted after a trial before Judge Tenney and a jury in the United States District Court for the Southern District of New York on two counts of transferring narcotics without a written order on a prescribed form, and one count of conspiring to do so, 26 U.S.C. §§ 4705(a), 7237(b), and was sentenced to five years imprisonment on each count, the sentences to run concurrently. He appeals from the denial of his motion for a new trial on the ground of newly discovered evidence.

At appellant's trial, two agents of the Federal Bureau of Narcotics testified that one of them met appellant in a cafeteria in midtown Manhattan about 6:15 P.M. on January 16, 1963 and paid him $850 for two ounces of cocaine. About 8:20 P.M., they testified, appellant and an associate entered the men's room of the cafeteria, where the latter transferred two tinfoil packages of cocaine to the undercover agent.

Faustin testified that he borrowed $750 to finance his music business from the undercover agent, who had been introduced to him as a "Shylock," at the cafeteria early in the evening of January 16, 1963, was told after he left the cafeteria that the money was no longer needed, and returned to the cafeteria with his associate, who gave a brown paper bag containing the $750 to the "Shylock" in the men's room.

■ The jury plainly credited the agents' testimony and discredited the somewhat fantastic explanation given by the appellant, since this sale was the basis of one of the two substantive counts of which appellant was convicted.

Appellant discovered after trial that the same agents had testified previously at another trial that they were pursuing an investigation in the Bronx until 6:30 P.M. and again after 9:00 P.M. on January 16, 1963. He moved for a new trial on the ground that it would have been physically impossible for the agents to drive to midtown Manhattan, meet him and purchase cocaine, and return to the Bronx after observing his automobile (and possibly stopping at the Bureau office in lower Manhattan) within this two and one-half hour span.

After Judge Tenney had denied appellant's motion, the agents testified at a hearing before Judge Tyler on a similar motion in the other case (which was also denied) that they had met appellant at the cafeteria about 7:00 P.M., instead of 6:15 P.M.

■■ Newly discovered evidence, to justify a new trial, must be "such as would probably produce an acquittal." Brown v. United States, 333 F.2d 723, 724 (2 Cir. 1964) (per curiam); United States v. On Lee, 201 F.2d 722, 724 (2 Cir.), cert. denied, 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364 (1953). The evidence appellant proffers clearly does not meet this test, since appellant admitted that he met the undercover agent twice on the evening of January 16, 1963 and that money was transferred between them. While the discrepancy as to time has some bearing on the credibility of the agents, it does not so touch the central issue in the case as to require a new trial. The central issue was the nature of the transaction which concededly involved the payment of money and the delivery of something in a brown paper bag. Thus appellant's motion for a new trial was properly denied.

Affirmed.