**UNITED STATES of America,**
**Appellee,**

v.

**Lowell M. BIRRELL, Defendant-**
**Appellant.**

**Lowell M. BIRRELL, Appellant,**

v.

**ATTORNEY GENERAL OF the UNITED**
**STATES, Appellee.**

**Nos. 781, 814, Dockets 72–2255, 73–1240.**

United States Court of Appeals,
Second Circuit.

Argued April 30, 1973.

Decided May 31, 1973.

---

John Walker, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., Walter M. Phillips, Jr., and Richard J. Davis, Asst. U. S. Attys., of counsel), for appellee United States.

Lowell M. Birrell, pro se.

Lowell M. Birrell, pro se (Stanley Kligfeld, New York City, of counsel).

Barry J. Cutler, Asst. U. S. Atty., New Haven, Conn. (Stewart H. Jones, U. S. Atty., New Haven, Conn., of counsel), for appellee Attorney General of the United States.

Before FRIENDLY and HAYS, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

In United States v. Birrell, 447 F.2d 1168 (2 Cir. 1971), cert. denied, 404 U. S. 1025, 92 S.Ct. 675, 30 L.Ed.2d 675 (1972), this court affirmed a judgment, entered after a jury trial before Judge Bryan in the District Court for the Southern District of New York, convicting Lowell M. Birrell, of violating 18 U. S.C. § 1343 by transmitting interstate wire communications in executing a fraudulent scheme whereby the First National Bank of Cincinnati was induced to lend $5,000, in part on the security of 100,000 shares of worthless stock of Drug Products Co., Inc. We here have before us a number of appeals from orders entered subsequent to our affirmance and the Supreme Court's denial of certiorari. These are:

(1) An appeal from an order of Judge Bryan refusing to grant a motion under F.R.Crim.P. 35 for a reduction of the two-year sentence he had imposed, on the ground, *inter alia,* that the judge had wrongly refused to make available material contained in the pre-sentence report, F.R.Crim.P. 32(c)(2).

(2) An appeal from an order of Judge Bryan denying a motion for the appointment of counsel to assist in the presentation of a second motion for a

* Of the District Court for the District of Montana, sitting by designation.

new trial on the ground of newly discovered evidence.

(3) An appeal from an order of Judge Bryan which we read as denying the second motion for a new trial.

(4) An appeal from an order of Judge Newman, in the District Court for Connecticut, denying a petition for a writ of habeas corpus in which Birrell sought discharge from the Federal Correctional Institution at Danbury, Connecticut, on the ground that, during his earlier detention at the Federal Detention Headquarters on West Street in New York, the prison authorities had failed to supply him with forms to apply for parole.[1]

■ The appeals must be viewed in light of the facts that Birrell was released from Federal detention on May 8, 1973, remained under the supervision of Federal probation officers until May 13, and is now free of any restraint. The appeals designated as (1) and (4) have thus become moot and are dismissed as such.[2]

It would seem that, in contradistinction to an order denying leave to proceed *in forma pauperis,* which prevents an indigent from proceeding at all, see Roberts v. United States District Court, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950), an order which merely refuses to appoint counsel but leaves the applicant, here a trained lawyer, free to proceed *pro se,* would not be a "final decision" appealable under 28 U.S.C. § 1291. However, while recognizing that "[t]here is a distinction and the question appears close," this court, in Miller v. Pleasure, 296 F.2d 283, 284 (2 Cir. 1961), cert. denied, 370 U.S. 964, 82 S. Ct. 1592, 8 L.Ed.2d 830 (1962), resolved

the doubt in favor of appealability. Although we do not regard the issue of the appealability of such an order as forever foreclosed, there is no need to reconsider it here.

■ It is plain that neither 18 U.S.C. § 3006A nor F.R.Crim.P. 44 mandated the assignment of counsel to assist in the presentation of a motion for a new trial subsequent to the completion of the appellate process. Whether to make such an appointment rested in the discretion of the district judge. Judge Bryan concluded that "[n]either the papers submitted by the defendant on his present pro se application nor the papers submitted by his attorney on the previous application for a new trial set forth any grounds whatsoever on which a motion for a new trial could reasonably be predicated, much less granted." His memorandum opinion indicates that the material now relied on did not meet the tests of not being discoverable before or during trial in the exercise of due diligence or of being such as probably to lead to a different result after a new trial. See, e. g., United States v. Faustin, 371 F.2d 820, 821 (2 Cir.), cert. denied, 387 U.S. 935, 87 S.Ct. 2062, 18 L.Ed.2d 998 (1967); United States v. Fistel, 460 F.2d 157, 163–64 (2 Cir. 1972). Accordingly, as we read his memorandum decision, he denied both the motion to assign counsel and the motion for a new trial. Birrell has pointed to nothing more that an assigned attorney could accomplish. We perceive no ground for interfering with Judge Bryan's decisions.

The appeals designated as (1) and (4) are dismissed as moot. On the appeals designated as (2) and (3), the orders are affirmed.

1. Birrell made no claim of similar failure by the authorities at Danbury, where he was transferred on December 22, 1972. In fact, he admitted, in papers filed in support of his petition, that prison officials at Danbury offered him parole application forms.

2. We recognize that, if Birrell's petition for habeas corpus had attacked his underlying conviction, that case would not

be moot, because of the "collateral consequences" attaching to the conviction. See Carafas v. LaVallee, 391 U.S. 234, 237–238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). But since his petition sought to remedy only unlawful conditions of confinement, Birrell, after release, no longer had the requisite stake in the dispute. See, e. g., Ayers v. Ciccone, 431 F.2d 724 (8 Cir. 1970).