**UNITED STATES of America**

v.

**Richard Anthony LEE, Appellant
(two cases).**

**Nos. 74–1524, 74–1617.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 19, 1975.

Decided May 23, 1975.

Rehearing and Rehearing En Banc
Denied June 25, 1975.

Anthony Z. Roisman, Washington, D.C. (appointed by this Court), for appellant.

Jonathan B. Marks, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William H. Collins, Jr., and Gerard F. Treanor, Jr., Asst. U. S. Attys., were on the brief for appellant.

Before TAMM and ROBB, Circuit Judges, and JOHN H. PRATT,* United States District Judge for the United States District Court for the District of Columbia.

PER CURIAM:

This is the second appeal in the above-entitled cause.[1] Three alleged errors are asserted: (1) denial of request for assistance of counsel in presentation of the motion for a new trial, (2) denial of the motion for new trial based on newly discovered evidence, and (3) the illegality of the sentence of three consecutive life terms for a single homicide. We affirm the action of the trial court with respect to the denials of the request for counsel and of the motion for a new trial and remand for resentencing.

1. *The request for the assistance of counsel.*

■ This need not detain us long. While appellant argues that he is entitled, as a matter of right under 18 U.S.C. § 3006A, to the appointment of

counsel, it is clear that the right of counsel under § 3006A, including its 1970 amendment covering "ancillary matters appropriate to the proceedings" specifically refers to representation "at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal." Pub.L.No.91–447, § 1(a) (October 14, 1970), 18 U.S.C. § 3006A(c). There is no right to the appointment of counsel for a new trial motion, and certainly not after an appeal. As the United States Court of Appeals for the Second Circuit has stated, "[i]t is plain that neither 18 U.S.C. § 3006A nor (Fed.) R.Crim.P. 44 mandated the assignment of counsel to assist in the presentation of a motion for a new trial subsequent to the completion of the appellate process. Whether to make such an appointment rested in the discretion of the district judge."[2] Given the nature of the "newly discovered evidence" in this case, it is clear that the experienced trial judge did not abuse his discretion.

2. *The motion for a new trial.*

■ The allegedly newly discovered evidence upon which the motion was grounded is,

"the evidence that the principal prosecution witness was offered leniency by the United States Attorney in exchange for his testimony against Lee and eventually received leniency and that he believes he was threatened with death if he did not testify against Lee." (Appellant's Brief, p. 6)

The denial by the trial court of the motion for a new trial based on such a proffer was correct for at least two reasons:

First, the same issue was raised and passed upon by this panel in the first appeal. One of the several grounds asserted by the appellant at that time was that "the trial court prevented the de-

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. The first appeal is reported in 160 U.S.App. D.C. 118, 489 F.2d 1242 (1973).

2. United States v. Birrell, 482 F.2d 890, 892 (2d Cir. 1973); *accord,* Dirring v. United States, 353 F.2d 519 (1st Cir. 1965).

fense from effectively attacking Ammidown's credibility and from establishing in the mind of the jury that Ammidown had killed his wife." (Brief for appellant Lee in United States v. Lee, *supra,* p. 36). Specifically, the trial court refused to prohibit any testimony by Ammidown concerning the killing, defendant's theory being that such testimony was not voluntary but was induced by threats and promises of the trial judge in the case against Ammidown. (Brief for appellant Lee in United States v. Lee, *supra,* p. 42). The trial judge rejected the allegation that Ammidown's testimony at his own trial was involuntary, kept the Ammidown transcript out of the Lee trial (Tr. 533–534) and allegedly thereby prevented defense counsel from using the transcript to probe into the issue of alleged coercion. (Brief for appellant Lee in United States v. Lee, *supra,* p. 43).

Furthermore, as Lee conceded in his brief on his first appeal, he knew at the time of his trial "that the United States Attorney and Ammidown had struck a plea bargain which Chief Judge Sirica had rejected and that the decision to testify without acceptance of the plea occurred shortly after Chief Judge Sirica had indicated that he would show no mercy to Ammidown if he refused to testify before the Grand Jury." (Brief for appellant Lee in United States v. Lee, *supra,* p. 15). In light of the position of the United States Attorney with respect to his plea bargain with Ammidown, his agreement not to oppose Ammidown's appeal added nothing substantial to the equation. Having recommended and supported the acceptance of Ammidown's plea in the District Court the prosecutor could hardly change his position when Ammidown appealed. In short, the position of the prosecutor in the District Court, which was known to Lee, subsumed the prosecutor's position with respect to Ammidown's appeal. A statement by the prosecutor in terms, that he would not oppose the appeal, would have added little or nothing to what Lee already knew and certainly could not have had any substantial tendency to undermine the verdict of guilty against Lee.

This court therefore considered this specific claim of error in the original appeal and rejected it.[3] Appellant's present claim is an attempt to raise again, under the guise of newly discovered evidence, a matter we have already considered and disposed of. It is an imposition on the time as well as the patience of this court.

■ Second, even if this issue were before us for the first time, the allegedly newly discovered evidence does not come close to meeting the applicable criteria. The standards governing such a motion were set forth, almost twenty-five years ago, in the *Thompson*[4] case as follows:

> "To obtain a new trial because of newly discovered evidence (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal."

To say the least, the evidence was not newly discovered because counsel knew about it at the time of Lee's trial. Further, it goes not to the issue of appellant's guilt but, in questioning Ammidown's possible motivation in testifying, is merely impeaching. It falls far short of the standards set forth in *Thompson.*

Furthermore, the *Giglio*[5] case is easily distinguishable. The secret promise by the Government to a prosecution witness, which promise was unknown to de-

**3.** United States v. Lee, 160 U.S.App.D.C. 118, 121, 489 F.2d 1242, 1245 (1945), wherein we specifically refer to our consideration of "evidentiary rulings which allegedly denied effective assistance of counsel."

**4.** Thompson v. United States, 88 U.S.App.D.C. 235, 236, 188 F.2d 652, 653 (1951).

**5.** Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

fense counsel and Government trial counsel, which was only discovered after trial, is not to be equated with a promise of leniency made and rejected in a previous trial which promise was known to defense counsel at the time of appellant's trial.

In summary, appellant's motion for a new trial was clearly without merit and the trial court's denial is affirmed.

3. *The illegality of the sentences of three consecutive life terms for a single homicide.*

 In resentencing appellant after this Court's remand, the trial court imposed consecutive sentences of twenty years to life on the three first degree murder counts. Because the three convictions arose out of the same killing, the imposition of consecutive sentences was improper.[6] This matter is remanded to the District Court for resentencing on the three first degree murder counts in conformity with this opinion.

In all other respects, we affirm.

Affirmed and Remanded.

TAMM, Circuit Judge (concurring separately):

I fully concur in those parts of the court's opinion involving the request for assistance of counsel and the remand for resentencing. Although my reasoning differs from that of the court, I also agree that appellant's motion for a new trial on the ground of newly discovered evidence was properly denied.

Appellant urges the court to accept as newly discovered evidence the following facts: 1) that unknown to appellant, the United States Attorney had agreed to support Robert Ammidown's appeal of the trial judge's refusal to accept the plea bargain; 2) that this court enforced the bargain by ordering the trial judge to accept the plea in United States v.

Ammidown, 162 U.S.App.D.C. 28, 497 F.2d 615 (1973); and, 3) that Robert Ammidown was acting under the compulsion of threats made by the trial judge when he testified against appellant.

The last of these "facts" formed the base for the argument that appellant made in his first appeal—that Ammidown's testimony was not voluntary. *See* Appellant's Original Br. at 42–47. Having previously rejected this argument on the ground that appellant was not thereby prejudiced, it cannot be raised again.

Appellant's second "newly discovered evidence" is Ammidown's success on appeal. However, since Ammidown did not know the outcome of his appeal when he testified against appellant, it could not have been used to attack his credibility. I would therefore hold that this fact is not newly discovered evidence within the meaning of Fed.R.Crim.P. 33.

The only fact that has any significance is appellant's contention that unknown to him, the United States Attorney had agreed to support Ammidown's appeal.[1] Apparently, this was not brought to the court's attention during appellant's first appeal because the transcript containing the United States Attorney's position was sealed. Thus, the question becomes whether the United States Attorney's failure to disclose to appellant that he (the U.S. Attorney) would not oppose Ammidown's appeal mandates a new trial under the due process standards of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), recently re-affirmed in Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). I do not believe that the "newly discovered evidence" offered here requires a new trial. In light of the overwhelming evidence of appellant's guilt, there is no

---

6. United States v. Ammidown, 162 U.S.App. D.C. 28, 497 F.2d 615, 624–625 (1974); Fuller v. United States, 132 U.S.App.D.C. 264, 293, 407 F.2d 1199, 1228 (1969), en banc, cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969).

1. More precisely, the United States Attorney did not actively support the appeal but did not oppose it, and an amicus curiae was appointed to represent the district court. *See* United States v. Ammidown, 162 U.S.App.D.C. 28, 31, 497 F.2d 615, 618 (1973).

reasonable likelihood that the disclosure of the United States Attorney's posture would have affected the jury's judgment. *See* Giglio v. United States, *supra,* 405 U.S. at 154, 92 S.Ct. 763, 31 L.Ed.2d 104. However, I would not rely upon the standards set forth in Thompson v. United States, 88 U.S.App.D.C. 118, 188 F.2d 652, 653 (D.C. Cir. 1951), because *Thompson* does not involve newly discovered evidence withheld during the trial by the prosecution. If the *Thompson* criteria apply to prosecutorial conduct, then its continuing vitality in that area has been undermined by *Giglio, Brady,* and *Napue.*