986 F.2d 546
 300 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Sebastian SHARPE, Appellant.
 No. 91-3271.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 16, 1993.
 
 Before BUCKLEY, SENTELLE and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that appellant's conviction is affirmed and the request for a new trial denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 
 4
 Sebastian Sharpe appeals from his conviction for possession with intent to distribute more than fifty grams of a substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), arguing that the trial court erred, both in failing to admit evidence of a prior undercover drug purchase from a different individual at the home where the raid occurred, and in denying his motion for a new trial based on newly discovered evidence. We hold that if any evidentiary error occurred, it was harmless, and that the motion for a new trial was without merit. We therefore affirm appellant's conviction.
 
 I. BACKGROUND
 
 5
 On November 27, 1989, a man whose description matched that of appellant's father sold drugs to an undercover police officer. Using this transaction as the basis for a search warrant, officers returned on December 4, 1989 to the house where the drugs had been purchased. Upon entering the house, they saw appellant's mother emerge from a second floor bedroom. Ten seconds later, appellant descended from the attic. Shortly thereafter, an officer outside the house to the east radioed inside to announce that he had seen a jacket fall from the attic level, and that inside a pocket, he had found cocaine packaged for sale. Police found no one in the attic, but noticed that its east window was open. As they searched the premises, the officers found appellant's father in the basement. After appellant was arrested, his father told the police that the drugs found in the jacket belonged to him, rather than to Sebastian.
 
 
 6
 Before trial, the government moved in limine to preclude questioning regarding the November 27 drug sale that provided probable cause for the search warrant. Appellant argued that he should be able to submit evidence that the initial purchase had been made from a vendor matching his father's description. The District Court judge excluded the evidence as irrelevant.
 
 
 7
 At trial, appellant pursued a strategy of suggesting that the drugs found during the search had belonged to his father, rather than to him, but did not call his father to testify. The jury found appellant guilty. Shortly after his conviction, his father swore in an affidavit that the drugs had belonged to him. Appellant moved for a new trial based on the affidavit as newly discovered evidence.
 
 
 8
 At a hearing on this motion, appellant's father assumed responsibility for possession of the drugs, and testified that he had thrown the jacket containing the cocaine from the attic window. He added that he had left Washington shortly after the raid and had been living with relatives in North Carolina, returning to Washington only after learning of his son's conviction from relatives, including his wife. He conceded that had he been subpoenaed, he would have appeared at the trial.
 
 
 9
 The District Court denied appellant's motion for a new trial. We review that ruling and the District Court's order excluding evidence concerning the identity of the individual who made the November 27 drug sale to police officers.
 
 II.
 
 10
 We reject appellant's argument that the trial court abused its discretion in limiting his ability to cross-examine police about the prior drug sale which provided the basis for the search warrant executed a week later. Evidence regarding the identity of the individual who sold drugs to an undercover officer in a previous transaction is arguably irrelevant to the issue of who threw the jacket out the window during the police's search of appellant's home.
 
 
 11
 Even if the excluded evidence supported appellant's father admission of being the technical "owner" of the drugs, it would not negate the element of possession, which may be sole or joint. United States v. Allen, 960 F.2d 1055, 1059 (D.C.Cir.1992); United States v. Byfield, 928 F.2d 1163, 1166 (D.C.Cir.1991). Because appellant might well have exercised sufficient dominion and control over the contraband to establish possession within the meaning of the drug laws, the evidence appellant sought to have admitted was of no more than marginal relevance. See United States v. Stewart, 820 F.2d 370, 373 (11th Cir.1987). A number of circuits have concluded that evidence of third party culpability is irrelevant unless coupled with substantial evidence tending to connect directly the third party with actual commission of the offense in question. See, e.g., Cikora v. Dugger, 840 F.2d 893, 898 (11th Cir.1988) (not error to deny defendant in burglary case the right to show jurors an individual who lived in the area where the burglary had occurred and who met description offered by witnesses absent nexus between the individual and the charged crime); United States v. Kennedy, 714 F.2d 968, 973-74 (9th Cir.1983) (no abuse of discretion in excluding as irrelevant evidence that defense's alternate suspect in rape and murder trial had a history of sexually abusive behavior), cert. denied, 465 U.S. 1034 (1984).
 
 
 12
 Even if the trial court erred in excluding the evidence, any error was harmless. It is clear from the record that appellant was able adequately to present his theory that his father was the sole possessor of the drugs. The father's statements were admitted both in the government's and the defense's case. This theory was the focus of defense counsel's opening statements to the jury, and appellant's counsel argued that the police had arrested the wrong person during his closing argument. We "find beyond a reasonable doubt that the jury would have found guilt beyond a reasonable doubt," United States v. Lacy Stock, 948 F.2d 1299, 1302 (D.C.Cir.1991), even absent the alleged error. Thus, we will not disturb the trial court's ruling.
 
 III.
 
 13
 As to appellant's second claim, that the trial court abused its discretion in denying a motion for a new trial based on newly discovered evidence, we note at the outset that the evidence was not newly discovered by appellant. At most, it was newly available to him. This fact is of no avail to appellant, in light of his inability to meet the requirement, laid out in Thompson v. United States, 188 F.2d 652, 653 (D.C.Cir.1951), of diligence in previous attempts to procure the alleged newly discovered evidence.
 
 
 14
 At no time did appellant make any effort to subpoena his father. His father later testified that had he been subpoenaed before appellant went to trial, he would have been willing to come forward and testify. Furthermore, it seems clear that appellant's father was not unreachable during trial, contrary to appellant's claims. On the evidence, it defies logic to claim that appellant was unable to contact his father; indeed, it seems clear that his father could have been reached with a minimum of effort. Under these circumstances, appellant cannot credibly contend that he exercised the diligence required under Thompson.
 
 
 15
 Were we to remand this case for a new trial, we would in effect be encouraging skillful manipulation of the judicial system. Appellant would have achieved the introduction of his father's admissions at trial without the rigors of cross-examination, then the use of his father's "newly-available" testimony to void a guilty verdict. We decline to offer appellant two bites at the jural apple.
 
 
 16
 We therefore affirm the District Court's rulings in excluding the proffered evidence on the grounds of irrelevancy and in denying appellant's motion for new trial.
 
 
 17
 It is so ordered.