Charles BROOKS, Appellant,

v.

UNITED STATES, Appellee.

No. 95–CO–320.

District of Columbia Court of Appeals.

Argued Nov. 14, 1995.

Decided Nov. 30, 1995 *.

Barbara E. Sosnick, appointed by this court, Washington, DC, for appellant.

Leslie A. Blackmon, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Roy W. McLeese, III, John M. Facciola, Rachel Adelman Pierson, and Kathleen Corken, Assistant United States Attorneys, were on the brief for appellee.

Before FERREN and REID, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Appellant Brooks was indicted on June 6, 1990, and charged with two counts of distribution of cocaine [1] and one count of posses-

---

* The decision in this case was originally issued as a Memorandum Opinion and Judgment on November 30, 1995, and is being published upon the order of the court.

1. D.C.Code § 33–541(a)(1) (1993 Repl.).

sion with intent to distribute cocaine.[2] He was convicted, after a jury trial, of two counts of distribution of cocaine, and on June 3, 1991, was sentenced to two concurrent terms of incarceration. His conviction was subsequently affirmed by this court on September 15, 1992 in an unpublished opinion. On January 7, 1994, appellant filed a motion to vacate his conviction or for a new trial, relying upon D.C.Code § 23–110, Super.Ct.Crim.R. 33, and the Due Process Clause. In this regard, he alleged the existence of newly discovered evidence.[3] Appellant also filed a post-trial motion for discovery. The Superior Court's denial of each of appellant's motions serves as the basis for this appeal.

In addition to the requests for a new trial and discovery, appellant, for the first time, asserts in this court that the government failed to reveal exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We conclude that the Superior Court neither abused its discretion nor misapplied the law. Nor do we find a *Brady* violation. Accordingly, we affirm the order denying appellant's motions.

Appellant was arrested after being observed by a number of MPD officers selling crack cocaine to at least six buyers. Two of the buyers were subsequently arrested by the police and found to possess such cocaine. Officer Wiggins, who was responsible for the arrest of one of the buyers and handled the evidence in the chain of custody, testified at appellant's trial with respect thereto.

■ Appellant contends that any evidence associated with Wiggins is tainted due to his alleged criminal involvement with the Rayful Edmond ("Edmond") drug organization prior to joining the MPD in July 1989. If this newly discovered evidence had been known at trial, appellant asserts, it would have affected the weight accorded Wiggins' testimony by the jury. Appellant similarly argues that the Broken Faith indictment of some Fifth District officers casts doubt on the honesty and veracity of a larger group of police officers, and if introduced at a new trial, would likely result in appellant's acquittal.

The trial judge is, of course, accorded broad discretion in determining whether to grant a new trial based upon newly discovered evidence. Thus, the trial court's refusal to grant appellant's motion will be disturbed only if its decision represents an abuse of discretion. *Eldridge v. United States*, 618 A.2d 690 (D.C.1992); *Thompson v. United States*, 88 U.S.App.D.C. 235, 236, 188 F.2d 652, 653 (D.C.Cir.1951).

■ For evidence to be considered "newly discovered," appellant must establish that: (1) the evidence was discovered since trial; (2) diligent attempts were made to procure the newly discovered evidence; (3) the evidence relied on is not merely cumulative or impeaching; (4) the evidence is material to the issues at hand; and (5) is of such a nature that in a new trial it would probably produce an acquittal.[4] *See Thompson, supra*, at 236, 188 F.2d at 653; *Heard v. United States*, 245 A.2d 125, 126 (D.C.Cir.1968).

In denying the motion for new trial, the trial judge concluded, under *Thompson* and *Heard*, that the proffered evidence was largely impeachment evidence, and if admissible, would not, in the main, be a substantive

---

2. *Id.*

3. The alleged newly discovered evidence arose from the highly publicized indictments that resulted from Operation Broken Faith ("Broken Faith"), a 1993 FBI "sting" operation initiated in response to allegations of police corruption. Broken Faith resulted in twelve officers from the Metropolitan Police Department ("MPD") (nine of whom were assigned to the Fifth District) being arrested and charged with conspiracy to accept bribes and assisting in the distribution of drugs. One of the twelve Broken Faith officers, Sean Wiggins, testified for the government at appellant's trial.

4. The *Larrison* test is alternatively applied by some jurisdictions (citations omitted). *See Larrison v. United States*, 24 F.2d 82, 87–88 (7th Cir.1928). *See also United States v. Severson*, 49 F.3d 268, 271 n. 1 (7th Cir.1995) (*Larrison* applies when there has been a complete recantation of the witness' testimony). However, because both tests require the court to find that with the newly discovered evidence a different result might have occurred, appellant cannot prevail under either test and the court does not need to decide which test controls. *Cf. Young v. United States*, 639 A.2d 92, 95 & n. 6 (D.C.1994).

showing of guilt or innocence, and would probably not make a difference in the outcome of the case. This view is buttressed by Officer Wiggins' limited role in this case.

With regard to appellant's post-trial discovery requests,[5] the court, following *Gibson v. United States,* 566 A.2d 473, 478 (D.C. 1989), expressly considered the serious nature of the circumstances surrounding Officer Wiggins. The government conceded, and the court took into account, that the officer had earlier "bragged" about his association with the Edmond organization. However, the judge, in evaluating the record, found that most of the discovery requests were overly broad, and speculative. In the exercise of discretion, the court denied most of the requests.

■ The remaining discovery request, access to Officer Wiggins' personnel file, was not denied outright. Rather, the court conducted an *in camera* review of the file before determining that it was not discoverable. Appellant now argues, for the first time, that the trial court's *in camera* review constituted an improper *ex parte* communication that deprived appellant of his right to counsel. Appellant further alleges the personnel file is discoverable under Superior Court Rule 16 and *Brady v. Maryland, supra.*

Appellant's claim that the trial court erred in conducting an *in camera* review contradicts the position appellant took in his post-trial motion for discovery.[6] *See Brown v. United States,* 627 A.2d 499, 508 (D.C.1993) (a defendant may not take one position at trial and a contradictory position on appeal). *See also Harris v. United States,* 602 A.2d 154, 159–160 (D.C.1992) (en banc) (plain error review).

■ We also note that we are unpersuaded by appellant's characterization of an *in camera* review, with the knowledge of both sides, as being an *ex parte* communication. *See, e.g., Sanders v. United States,* 550

A.2d 343, 345 (D.C.1988). In conducting the review, the court expressly notes that there was "officer misconduct," but found nothing in existence at the time of trial which would point to the fabrication of evidence.[7] In short, the court found no information in possession of the government which was exculpatory in nature. Thus, we find no error, and certainly no plain error.

In reviewing all of appellant's contentions, we conclude that there was no abuse of discretion by the trial judge.

Therefore, the orders of the trial court, appealed from herein, are hereby affirmed.

*So ordered.*

---

5. These included personnel files, internal affairs documents, F.B.I. documents, citizen complaints, grand jury transcripts and prosecution files (to be reviewed *in camera*) concerning all of the Broken Faith officers, a broad amount of information concerning any alleged illegal activities of Fifth District officers and information pertaining to all the officers involved in the surveillance, arrest and prosecution of appellant.

6. Item number six from appellant's post-trial discovery motion requests "[a]ll prosecution files regarding the 12 indicted officers, to be viewed *in camera,* if necessary."

7. The sealed personnel file has been made a part of the record in this court.