**UNITED STATES of America, Appellant,**

v.

**Archibald R. SCHAFFER, III, Appellee.**

**No. 99–3153.**

United States Court of Appeals, District of Columbia Circuit.

Filed Oct. 27, 2000.

Before: EDWARDS, Chief Judge, HENDERSON, Circuit Judge, and

BUCKLEY, Senior Circuit Judge.*

Opinion filed by Chief Judge HARRY T. EDWARDS, concurring in the denial of the petition for rehearing.

Opinion filed by Circuit Judge KAREN LeCRAFT HENDERSON, concurring separately.

### ORDER

PER CURIAM:

Upon consideration of appellee's petition for rehearing, filed on July 19, 2000, and the response thereto, it is

**ORDERED** that the petition for rehearing be denied.

HARRY T. EDWARDS, Chief Judge, concurring in the denial of the petition for rehearing:

In *United States v. Schaffer*, 214 F.3d 1359 (D.C.Cir.2000) (*Schaffer II*), this court reversed a judgment of the District Court granting a new trial for defendant Schaffer. The trial judge had ruled that a new trial was warranted under Rule 33 of the Federal Rules of Criminal Procedure because the testimony of Michael Espy, which was unavailable to the defendant during his first trial, was *newly available* and likely to result in an acquittal if introduced in a new trial. *See id.* at 1361. We rejected this conclusion because the record revealed that Schaffer had failed to satisfy the requirements of *Thompson v. United States*, 188 F.2d 652 (D.C.Cir.1951). *See id.* at 1363.

In his petition for rehearing, Schaffer complains that, in applying the *Thompson* test of "diligence," the court in *Schaffer II* unjustly adopted a new *per se* rule with retroactive application. It is true that, in rejecting Schaffer's claim that he showed diligence in an attempt to procure Espy's testimony, the *Schaffer II* opinion states that,

[w]hen, as here, a defendant believes that a particular person's testimony would be vital to his defense but either cannot locate the witness or believes it would be futile to subpoena him, the defendant has the obligation to seek a continuance of his trial or to explain to the trial court why the desired witness will not be produced.

*Schaffer II*, 214 F.3d at 1362. In retrospect, this could be viewed as a new *per se* rule, as Schaffer suggests. This was not the intention of the court in *Schaffer II*, however.

The dispositive holding in *Schaffer II* on the issue of diligence is as follows:

a [mere] *belief* in the futility of ... action will not satisfy the need for a concrete attempt either to compel the production of relevant evidence or to seek some accommodation from the trial court that would preserve the defendant's right to present evidence that was critical to his case. Whatever the minimum requirement of diligence, it cannot be a purely private evaluation of the availability of the testimony or the likelihood of relief from the court. Such a standard would seriously impair the important goal of finality that the diligence requirement serves.

*Schaffer II*, 214 F.3d at 1362 (emphasis added). This is not a new *per se* rule retroactively applied to Schaffer. It flows directly from *Thompson* and other cases construing Rule 33. *See id.*

In order to invoke Rule 33, a "party seeking [a] new trial must [have shown] diligence in the attempt to procure the newly discovered evidence." *Thompson*, 188 F.2d at 653. The District Court in the instant case opined that the record facts on diligence "are not in dispute." *United States v. Schaffer*, 83 F.Supp.2d 52, 55 (D.D.C.1999). The trial judge went on to find "no basis on which to conclude that

---

* Senior Judge Buckley was a member of the panel which decided *United States v. Schaffer*, 214 F.3d 1359 (D.C.Cir.2000), at issue in the instant petition for rehearing. Having retired on October 1, 2000, however, Senior Judge Buckley did not participate in the consideration of the petition for rehearing.

counsel's *wish* to have Espy testify was not genuine." *Id.* at 57 (emphasis added). No one could suppose, however, that this was a finding of "diligence" as required by *Thompson.* The District Court then concluded that "diligent efforts were made to adduce Espy's testimony" when Schaffer's counsel conferred with Espy's counsel and then made forthright representations to the District Court about the unavailability of Espy's testimony. *Id.* at 58. The problem, however, as the District Court seemed to recognize, is that Schaffer's decision not to take concrete action to *procure* Espy's testimony was based on his personal surmise that any such action would be futile. We have no reason to doubt that Schaffer's counsel intended to be responsible and act professionally. Nonetheless, there is no evidence of "diligence in the attempt to procure" Espy's testimony as *Thompson* requires. The District Court was simply wrong to conclude otherwise.

Schaffer suggests that he failed to take concrete action because he subscribed to an untested belief that it would have been futile to subpoena Espy and an unverified view that a continuance would not have been granted. That is all that he offered to show diligence, and *Schaffer II* says that it is far short of what is required by *Thompson.* There is no mistake in this conclusion. The suggestion in the petition for rehearing that the court erred in adopting a new *per se* rule in *Schaffer II* is a red herring. In any event, lest there be any confusion on this point, we make it clear now that the judgment in this case does not rest on any *per se* rule.

Schaffer also complains that, in reversing the District Court, the decision in *Schaffer II* fails to give due deference to the trial judge's view that Espy's testimony would likely result in an acquittal. There is merit to this contention, for it has long been said that

> findings on conflicting evidence by trial courts on motions for new trial based on newly discovered evidence remain undisturbed except for most extraordinary circumstances.

*United States v. Johnson,* 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562 (1946). "If there is an issue of credibility of the newly discovered evidence, the role of the judge is that of fact finder, and his resolution of the fact issues is ordinarily not reviewable on appeal." 3 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 557, at 336 (2d ed. 1982). Thus, we review the District Court's grant or denial of a new trial for abuse of discretion. *See Langevine v. District of Columbia,* 106 F.3d 1018, 1023 (D.C.Cir.1997).

In cases in which a motion for a new trial is granted, "the degree of appellate scrutiny of new trial rulings should depend on the reasons given for the awarding of a new trial." *Vander Zee v. Karabatsos,* 589 F.2d 723, 728 (D.C.Cir.1978). When, for example, a motion is granted on the ground that the verdict is against the weight of the evidence, a higher degree of scrutiny will be applied by the appellate court, because of "the concern that a judge's nullification of the jury's verdict may encroach on the jury's important fact-finding function." *Tri County Indus. Inc. v. District of Columbia,* 200 F.3d 836, 840 (D.C.Cir.2000) (quoting *Langevine,* 106 F.3d at 1023 (quoting *Vander Zee,* 589 F.2d at 729)), *cert. granted,* —— U.S. ——, 121 S.Ct. 29, 147 L.Ed.2d 1051 (2000). However, when the District Court orders a new trial "because confusing testimony and events created a potential for injustice, not because the jury's verdict is against the weight of the evidence[,] ... [o]nly the grossest abuse of discretion could justify reinstating the jury's verdict." *Schneider v. Lockheed Aircraft Corp.,* 658 F.2d 835, 849 (D.C.Cir.1981), *cert. denied,* 455 U.S. 994, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982). In light of this highly deferential standard of review, I cannot say that the District Court erred in applying the "probably-produce-an-acquittal" prong of the *Thompson* test.

The trial judge observed that,

[b]ecause the evidence of Schaffer's specific unlawful intent was so thin—it was an entirely circumstantial case on which the jury could have decided either way, *Schaffer*, 183 F.3d at 850—the proffered evidence about the nature of the [Arkansas Poultry Federation] meeting and Espy's reasons for attending has an important bearing on the "intent question." I find it indeed to be of such nature that, in a new trial, it would probably produce an acquittal.

*United States v. Schaffer*, 83 F.Supp.2d at 54–55. The *Schaffer II* opinion mistakenly doubts the relevance of the Espy testimony and, therefore, concludes that its introduction in a new trial "would do little to undermine the independent counsel's case." *Schaffer II*, 214 F.3d at 1363. However, because the Espy testimony cannot fairly be rejected as irrelevant, and because the District Court was in the best position to evaluate Espy's believability and the likely effect of Espy's testimony on the rest of the evidence, it was a mistake for this court to second-guess the trial judge on this point.

This court's failure to give deference to the District Court on the probably-produce-an-acquittal prong of *Thompson* does not save the day for Schaffer, however. Even assuming, *arguendo*, that Rule 33 may be applied in the absence of "newly discovered" evidence, Schaffer's demand for a new trial nonetheless fails for want of *diligence*. Furthermore, although the decision in *Schaffer II* expresses skepticism regarding the applicability of Rule 33 in cases involving "newly available" (as opposed to "newly discovered") evidence, *see Schaffer II*, 214 F.3d at 1363, Schaffer's petition has not persuaded this court to perform a juridic *tour de force* as regards the contours of Rule 33.

This result, admittedly, produces a curious disposition, indeed, one that is somewhat troublesome. Traditionally, we defer to the trial judge's exercise of discretion to grant a new trial on grounds that there is a fair likelihood of acquittal. In this case, however, we are obliged to ignore this powerful consideration. Defendant simply failed to act with the diligence required by *Thompson*, and such failure is fatal. My concern over this curious application of the *Thompson* factors is, in my view, noteworthy, though not peremptory. In the end analysis, it is far from clear that this case involves newly discovered evidence which Rule 33 absolutely requires, so Schaffer's case fails in any event under the existing Federal Rules of Criminal Procedure.

In short, I can find no basis upon which to set aside the judgment of the court in *Schaffer II*. The petition for rehearing must therefore be denied.

KAREN LeCRAFT HENDERSON, Circuit Judge, concurring separately:

While I agree that Schaffer's petition for rehearing should be denied on the ground that the panel decision correctly held defense counsel failed to exercise due diligence in attempting to procure Espy's testimony, I do not believe we should uphold the district court's finding that Espy's testimony, had the jury heard it, would likely have led to Schaffer's acquittal. This trial record reveals no "confusing testimony and events." *See* Edwards Op. at 286 (quoting *Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 848 (D.C.Cir.1981), *cert. denied*, 455 U.S. 994, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982)). Nor was the district court called upon to assess the "believability" or "credibility" of Espy's testimony. *See id.* at 286. The district court's role was simply to determine whether largely irrelevant evidence would have persuaded the jury to render a different verdict. And I continue to believe the district court got it wrong.