**UNITED STATES of America,
Appellant,**

v.

**Archibald R. SCHAFFER III, Appellee.**

**No. 99–3153.**

United States Court of Appeals,
District of Columbia Circuit.

Filed Feb. 2, 2001.

Before: EDWARDS, Chief Judge, WILLIAMS, GINSBURG, HENDERSON, ROGERS, and TATEL, Circuit Judges.*

Opinion for the Court en banc filed PER CURIAM.

PER CURIAM:

On December 22, 2000, then-President Clinton granted a full and unconditional pardon to Archibald R. Schaffer III, for his conviction in the District Court of violating the anti-bribery provision of the Meat Inspection Act, 21 U.S.C. § 622 (1994). Schaffer now moves this court to dismiss the case as moot.

The parties agree that the pardon rendered moot the ongoing appeals. They are quite right on this point. Accordingly, under well-established principles governing the disposition of cases rendered moot during the pendency of an appeal, we hereby vacate the disputed panel decision in this case and all underlying judgments, verdicts, and decisions of the District Court.

## I.

Because this case has had a long and curious history, we offer a brief chronicle of the record leading to the instant motion:

In the early summer of 1998, a jury found Schaffer guilty on two counts of a seven count indictment—one for violating the anti-bribery provision of the Meat Inspection Act and one for providing unlawful gratuities to a public official. Persuaded that the prosecution had submit-

---

* Judges Sentelle, Randolph, and Garland did not participate in this matter.

ted insufficient evidence to sustain the verdict, the District Court granted Schaffer's motion for acquittal on both counts, *United States v. Schaffer*, 29 F.Supp.2d 1 (D.D.C.1998) (order), and conditionally denied his request for a new trial, *Schaffer*, Cr. No. 96–0314 (D.D.C. Oct. 6, 1998) (order). The independent counsel appealed. On July 23, 1999, a panel of this court affirmed the District Court's judgment of acquittal on the unlawful gratuities charge, reversed and reinstated the jury verdict on the Meat Inspection Act charge, and remanded for sentencing on the latter charge. *United States v. Schaffer*, 183 F.3d 833 (D.C.Cir.1999) ("*Schaffer I*").

Before this court's decision in *Schaffer I* was issued, Schaffer filed a second motion for a new trial, this time pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Schaffer cited the newly-found and arguably exculpatory testimony of former Secretary of the Department of Agriculture, Alphonso Michael Espy, which had become available following Espy's own acquittal in a related prosecution. Subsequently, after the decision in *Schaffer I* issued, the District Court granted Schaffer's Rule 33 motion for a new trial on the Meat Inspection Act charge. *United States v. Schaffer*, 83 F.Supp.2d 52 (D.D.C. 1999).

The independent counsel again appealed, this time challenging the trial court's order granting a new trial. On June 27, 2000, a different panel of this court reversed the order granting a new trial, reinstated the jury verdict on the Meat Inspection Act charge, and remanded the case for sentencing. *United States v. Schaffer*, 214 F.3d 1359 (D.C.Cir.2000) ("*Schaffer II*").

This court's ruling in *Schaffer II* set in motion two distinct trajectories of response. First, the panel granted the independent counsel's unopposed motion to expedite issuance of the panel's mandate to the District Court without, as would be the normal case, waiting for any potential petitions for rehearing and rehearing *en banc*

to run their course. *Schaffer*, No. 99–3153 (D.C.Cir. July 17, 2000) (per curiam order). On remand, Schaffer moved the trial court to delay sentencing pending the outcome of his petitions for rehearing and *en banc* review in the Court of Appeals. The District Court denied the motion and, on September 25, 2000, sentenced Schaffer to a term of imprisonment of one year and one day. *United States v. Schaffer*, 121 F.Supp.2d 29 (D.D.C.2000).

Second, on July 19, 2000, Schaffer filed petitions for rehearing and rehearing *en banc* of the *Schaffer II* decision. The *Schaffer II* panel denied the petition for rehearing three months later. *United States v. Schaffer*, 229 F.3d 284 (D.C.Cir. 2000) (per curiam order). Shortly thereafter, on November 22, 2000, the full court granted Schaffer's petition for rehearing *en banc*, vacated the panel's June 27, 2000 *Schaffer II* decision, and scheduled oral argument for April 4, 2001. *United States v. Schaffer*, 234 F.3d 36 (D.C.Cir.2000) (en banc) (per curiam order). In a separate order, the court recalled the July 27, 2000 expedited mandate, which had set in motion the September 25, 2000 sentencing. *Schaffer*, No. 99–3153 (D.C.Cir. Dec. 1, 2000) (en banc) (per curiam order). On December 14, 2000, the full court granted defendant's motion to continue his release pending appeal. *Schaffer*, No. 99–3153 (D.C.Cir. Dec. 14, 2000) (en banc) (per curiam order).

On December 22, 2000, then-President Clinton granted a full and unconditional pardon to Schaffer. Schaffer filed an unopposed motion and memorandum to dismiss all pending appeals as moot on January 4, 2001. In a supplemental memorandum filed the next day, Schaffer urged this court to remand the case to the District Court so that it might determine what action, if any, should be taken to reconcile the "unreversed" new trial order and the preceding conviction.

## II.

The independent counsel, the appellant in this case, concedes that "these appeals

are moot and that the Presidential pardon ends all litigation." Response of United States to Schaffer's Supplemental Memorandum at 2. We agree. In making this concession, however, the prosecutor advances the odd suggestion that Schaffer's conviction is established as a matter of law. We disagree. Final judgment never has been reached on this issue, because the appeals process was terminated prematurely.

■ Certainly, a pardon does not, standing alone, render Schaffer innocent of the alleged Meat Inspection Act violation. *See In re North*, 62 F.3d 1434, 1437 (D.C.Cir.1994) (citing *United States v. Noonan*, 906 F.2d 952, 960 (3d Cir.1990)). In fact, acceptance of a pardon may imply a confession of guilt. *See North*, 62 F.3d at 1437 (citing *Burdick v. United States*, 236 U.S. 79, 91, 94, 35 S.Ct. 267, 59 L.Ed. 476 (1915)). In the present case, the pardon states only that Schaffer receive

A Full and Unconditional Pardon for his conviction in the United State District Court for the District of the District [sic] of Columbia of the charge of violation of Section 622, Title 21, United States Code, as set forth in an indictment (Criminal Action No. 96–0314 (JR)), for which he was sentenced on September twenty-fifth, 2000, to one year and one day's imprisonment and fined five thousand dollars ($5000).

Pres. William J. Clinton, Executive Grant of Clemency (Dec. 22, 2000). In other words, the pardon acts on Schaffer's supposed conviction, without purporting to address Schaffer's innocence or guilt.

■ Nevertheless, the independent counsel is wrong to suggest that Schaffer's conviction is a *fait accompli*. Finality was never reached on the *legal question* of Schaffer's guilt. The District Court ordered a new trial following Espy's acquittal; the prosecutor exercised a legitimate right to appeal that order; a panel of this court reversed the order of the trial court; the court expedited issuance of the mandate in *Schaffer II*; and Schaffer was sentenced on September 25, 2000. However, the matter was never actually put to rest, because this court granted Schaffer's petition for *en banc* review and recalled the mandate on December 1, 2000. And in agreeing to *en banc* review, this court vacated the panel decision in *Schaffer II*. It was at that uncertain juncture that then President Clinton pardoned Schaffer, thus rendering the case moot.

■ When a case becomes moot on appeal, whether it be during initial review or in connection with consideration of a petition for rehearing or rehearing *en banc*, this court generally vacates the District Court's judgment, vacates any outstanding panel decisions, and remands to the District Court with direction to dismiss. *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *Clarke v. United States*, 915 F.2d 699, 706–08 (D.C.Cir.1990) (en banc); *Flynt v. Weinberger*, 762 F.2d 134, 135–36 (D.C.Cir.1985). Because the present mootness results not from any voluntary acts of settlement or withdrawal by Schaffer, but from the unpredictable grace of a presidential pardon, vacatur is here just and appropriate. *See U.S. Bancorp*, 513 U.S. at 24–25, 115 S.Ct. 386.

Given this posture of the case, the efficacy of the jury verdict against Schaffer remains only an unanswered question lost to the same mootness that the independent counsel so readily concedes. The same is true of Schaffer's claim of innocence. That claim will never again be tried.

We hereby vacate all opinions, judgments, and verdicts of this court and the District Court relating to the Meat Inspection Act charge. The matter will be remanded to the District Court with directions to dismiss the case as moot.

*So ordered.*